IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-80428-TLS |
| | ) | |
| DAVID PAUL BIGHIA, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on August 25, 2008, on Debtor's Amended Chapter 13 Plan (Fil. #26), an Objection thereto, an Objection to Claim, and a Response filed by Duane and Lynn Mesnard (Fil. #30, #44, and #49). Erin McCartney appeared for Debtor, and Brian Hanson appeared for Duane and Lynn Mesnard. As discussed herein, a trial is necessary to resolve the disputed factual issues.

Debtor's home shares a common boundary line with the home owned by Mr. and Mrs. Mesnard. The Mesnard home sits high on a hill above Debtor's property. Apparently, at the time the homes were constructed, a retaining wall system was constructed on Debtor's property to help prevent erosion of the hill.

For a period of time in calendar year 2007, the community in which Debtor and Mr. and Mrs. Mesnard live received a significant amount of rainfall. As a result of that said rainfall, the retaining wall system on Debtor's property failed and Mr. and Mrs. Mesnard's property suffered what they felt was significant erosion. The erosion was significant enough for Mr. and Mrs. Mesnard to fear for the stability of their home.

Mr. and Mrs. Mesnard and Debtor engaged in discussions regarding the need to repair the retaining wall system on Debtor's property. There are numerous factual disputes between the parties as to those discussions, the type of repairs that were needed, and the party responsible for payment of the repairs. On May 24, 2007, a contract was entered into with Norton Custom Homes, Inc. to repair the retaining wall on Debtor's property. The contract identified the work to be performed and was signed by the contractor, by Mr. and Mrs. Mesnard, and by Debtor. The signatures of Mr. and Mrs. Mesnard and Debtor appear on blanks identifying their respective addresses, along with the word "Owner."

Mr. and Mrs. Mesnard paid Norton Custom Homes, Inc. for the work performed. Debtor asserts that Mr. and Mrs. Mesnard had agreed at all times to pay for the work. However, Mr. and Mrs. Mesnard assert that Debtor was supposed to reimburse them for the amount paid.

Upon this bankruptcy filing, Mr. and Mrs. Mesnard filed a proof of claim asserting a secured claim in the amount of $15,567.00. They purport to be secured creditors by virtue of a "construction lien" that they filed on August 10, 2007, with the Register of Deeds of Sarpy County, Nebraska. Debtor has objected to Mr. and Mrs. Mesnard's claim. Furthermore, Mr. and Mrs. Mesnard objected to Debtor's plan for failure to treat their purported secured claim.

The Nebraska Construction Lien Act states that a person who furnishes services or materials pursuant to a real estate improvement contract has a construction lien under the Act to secure payment of the contract price. Neb. Rev. Stat. § 52-131. It is not entirely clear to this Court how Mr. and Mrs. Mesnard could possibly claim a lien under the Construction Lien Act. They did not furnish services or materials. Instead, Mr. and Mrs. Mesnard contracted with Norton Custom Homes, Inc. to provide services and materials for a contract price and paid that contract price. They simply do not have standing to claim a lien under the Nebraska Construction Lien Act.

As indicated previously, there are numerous factual discrepancies in the evidence presented by the parties. First, there is the issue of whether Debtor has any obligation to reimburse Mr. and Mrs. Mesnard for any portion of the funds expended to repair the retaining wall system on Debtor's property. Second, if there is such an obligation, is that obligation secured or unsecured? As discussed above, it does not appear that the obligation could be secured by virtue of the Nebraska Construction Lien Act.

IT IS, THEREFORE, ORDERED that the Clerk of the Bankruptcy Court is instructed to set this matter for a one-half day trial on live testimony. A trial date will be issued by separate order. If the parties settle the disputed issues prior to the trial date, they should submit a written stipulation to this Court.

DATED: August 26, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Erin McCartney
    *Brian Hanson
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.